IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CR154-1-C

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ALVIN WOODY, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on "Defendant Alvin Woody's Motion For Transfer of Venue To The Statesville Division" filed August 7, 2007 (document #43). The "Government's Response In Opposition . . ." (document #60) was filed August 27, 2007.

As the Government correctly notes and the Defendant concedes, a defendant has no right to be tried in a particular *division*, any venue rights arising from the Sixth Amendment guaranteeing only trial in the proper *district*. See e.g., United States v. Truglio, 731 F.2d 1123, 1130 (4th Cir. 1984); and United States v. Florence, 456 F.2d 46, 49-50 (4th Cir. 1972) (no right to be tried in particular division in which offense was allegedly committed). Accord Humphrey v. United States, 896 F.2d 1066, 1068 (7th Cir. 1990); and Bostick v. United States, 400 F.2d 449, 452 (5th Cir. 1968), cert. denied, 393 U.S. 1068 (1969).

Although the Defendant concedes that there is no constitutional right to be tried in a particular division within the district, he urges the Court to exercise its discretion to move the case and trial to the Statesville Division. The essential reasons given in the subject Motion are the Defendant's strong ties (including the location of his home and pharmacies) in and to the Statesville Division; the fact that "acts allegedly committed by Mr. Woody and his co-defendants took place

within the Statesville Division;" "that **no overt act** by any of the Defendants took place in the Charlotte Division"; and that selection by the Government of the Charlotte Division constitutes impermissible "forum shopping" (emphasis in original).

The Government persuasively responds in opposition, however, by noting that Mr. Woody is one of five Defendants charged in a complex 103–count indictment alleging a conspiracy and substantive offenses with a national scope. Specifically, although Mr. Woody's pharmacies were indeed located in counties in the Statesville Division of the Western District, the alleged scheme involved orders for prescription drugs which were faxed from a number of "Internet–based firms including youronlinedoctor.com" and shipped "to customers located throughout the United States." The Government further notes that "[n]early all" of the packages shipped by UPS were flown out of *Charlotte's* Douglas International Airport.

The Court agrees with the Government that on these facts the Defendant has failed to establish a sufficient basis for transfer of this case from the Charlotte to the Statesville Division. To the contrary, as the Government urges in its Response in Opposition, it appears that Charlotte is the more convenient division for the subject proceedings, considering its accessibility to witnesses from around the country; the availability of ample hotel space, including hotels with which the U.S. Government has existing contracts for rooms at a reduced rate; and the greater convenience of a Charlotte trial for the Government lawyers, their agents, and their staffs.

In short, there being no constitutional right to trial in a particular division and the Defendant having failed to establish a basis for a change of venue based on convenience, the instant motion will be denied.

**FOR THE FOREGOING REASONS**, "Defendant Alvin Woody's Motion For Transfer

of Venue To The Statesville Division" is hereby **DENIED**.

The Clerk is directed to send copies of this Order to counsel for the parties; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED**.

Signed: August 29, 2007

Carl Horn, III
United States Magistrate Judge